Filed 8/1/23  In re H.M. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| In re H.M., a Person Coming Under the Juvenile Court Law. | C098148 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>L.M.,<br><br>Defendant and Appellant. | (Super. Ct. No. JD241591) |

Appellant L.M., mother of the minor, appeals from the juvenile court's orders terminating parental rights and freeing the minor for adoption.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  Mother's sole contention on appeal is that the Sacramento County

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

Department of Child, Family and Adult Services (Department) and the juvenile court failed to comply with the initial inquiry requirements of the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA) and related California law.  The Department filed a letter in response stating it did not oppose a limited remand for further ICWA compliance and the parties agree that conditional affirmance is appropriate.[2]  We agree that conditional affirmance is warranted, subject to further ICWA compliance.

FACTUAL AND PROCEDURAL BACKGROUND

Because the issue on appeal is limited to ICWA compliance, we dispense with a detailed recitation of the underlying facts and procedural history.  It suffices to say that on October 1, 2021, mother, a 19-year-old non-minor dependent of the San Joaquin County Superior Court, was arrested and her eight-month-old baby, the minor, was taken into protective custody.  The Department filed a section 300 petition on behalf of the minor and a detention report representing that, on October 4, 2021, mother had denied having any Native American heritage.  Mother would not provide any information about the minor's father, although the Department learned that the child support database listed K.S. as the minor's father.  Mother did provide the Department with the maternal great grandparents' address and the social worker noted that several relatives had contacted the Department to inquire about the minor's well-being.  The Department did not document any effort to inquire about the minor's possible Native American ancestry from any of the maternal relatives.

Mother was not present at the October 13, 2021, detention hearing.  The juvenile court found there was no reason to know or believe the minor was an Indian child within

_____

[2]  We note that, under these circumstances, a joint application for a conditional affirmance and limited remand from the parties also would have been appropriate and would have permitted this court to issue the remittitur forthwith.  (See Cal. Rules of Court, rule 8.272(c)(1).)

the meaning of the ICWA but deferred final ICWA determination pending further information from the father.[3] The minor was ordered detained.

The jurisdiction/disposition report reflected that mother had again denied Native American ancestry at an October 21, 2021, interview. During that interview, mother also provided family background information, including the names of her deceased mother, incarcerated father, three siblings, and the two maternal great-aunts who were primarily responsible for her upbringing (along with the aunts' city and state of residence).

The social worker spoke with the maternal great-grandmother, who denied any Native American ancestry, and provided contact information for her daughters who she believed might be interested in placement of the minor. The social worker spoke with both maternal great-aunts about placement but did not document any discussion about Native American ancestry. The jurisdiction/disposition report stated the ICWA did not apply.

The minute order of the November 3, 2021, combined jurisdiction/disposition hearing reflects that mother and "maternal relatives" were present. The record does not reflect that the juvenile court asked mother or any of the relatives about possible Native American ancestry or ordered mother to fill out a Parental Notification of Indian Status Judicial Council form ICWA-020 (ICWA-020 form). The court took jurisdiction, declared the minor a dependent child of the court, ordered him removed from parental custody, and ordered reunification services for mother. It further found there was no reason to know or believe the minor is an Indian child within the meaning of the ICWA and found the ICWA did not apply.

---

[3] Mother subsequently identified the minor's father as T.L. T.L.'s whereabouts were unknown. He and K.S. remained alleged fathers throughout these proceedings.

Mother failed to reunify, and her services were terminated on November 9, 2022. Parental rights were terminated on March 8, 2023, and mother timely appealed. The matter was fully briefed in this court on June 14, 2023.

DISCUSSION

Mother contends the Department's inquiry into the minor's possible Native American ancestry was insufficient because, although she denied Native American ancestry, there is no evidence the Department followed up with any of the known maternal family members to inquire whether they knew of possible Native American ancestry. She further contends she was neither questioned by the juvenile court about possible Native American ancestry nor provided with the ICWA-020 form. She contends the court's findings that the ICWA inquiry and notice requirements had been satisfied and the ICWA did not apply were thus unsupported by the evidence. The Department agrees that a limited remand for full ICWA compliance is warranted.

"The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.] A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' " (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) The juvenile court and the Department have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)

"[S]ection 224.2 creates three distinct duties regarding ICWA in dependency proceedings. First, from the Agency's initial contact with a minor and his [or her] family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be

4

an Indian child.  (§ 224.2, subds. (a), (b).)  Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the Agency 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.'  (*Id.*, subd. (e), italics added.)  Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply.  (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child']; *id.*, subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is an Indian child as defined under § 224.2, subd. (d)].)"  (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.)

We review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence.  (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.)

In this case, mother denied knowledge of Native American ancestry and provided the Department with the names of many maternal relatives, including the maternal great-aunts who raised her.  The social worker interviewed the maternal great-grandmother and two maternal great-aunts for the jurisdiction/disposition report but asked only the maternal great-grandmother about possible Native American ancestry.  The Department did not document any inquiry with respect to the maternal great-aunts or any attempt to contact the maternal grandfather.  Although the Department noted that it had been contacted by several maternal relatives to inquire about the minor's well-being, it did not document any effort to inquire about possible Native American ancestry from those relatives.

Additionally, the juvenile court did not inquire of mother or the available maternal relatives present in court about possible Native American ancestry and did not provide mother with an ICWA-020 form.  The court is required to ask participants in a dependency proceeding upon each party's first appearance whether the participant knows

or has reason to know that the child is an Indian child and order the parent to complete an ICWA-020 form. (*In re Austin J.* (2020) 47 Cal.App.5th 870, 883; see also 25 C.F.R. § 23.107(a) (2020); § 224.2, subd. (c); Cal. Rules of Court, rule 5.481(a).)

The parties agree the juvenile court and Department were required to make additional efforts to inquire about possible Native American ancestry from the mother and her known relatives and that remand is necessary for further ICWA compliance. Accordingly, we remand the case to the juvenile court for further proceedings to address compliance with the inquiry and notice provisions of the ICWA and enter new orders regarding the applicability of the ICWA.

## DISPOSITION

The orders terminating parental rights are conditionally affirmed, subject only to full compliance with the ICWA as described in this opinion. If, on remand, the juvenile court determines the ICWA applies, the court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with the ICWA, including a new section 366.26 hearing. (25 U.S.C. § 1914; § 224, subd. (e).)


                                           /s/
                                        Duarte, J.

We concur:


       /s/
Robie, Acting, P. J.


       /s/
Mesiwala, J.